In re Floretta **ARMSTRONG**, SS#: **097–32–3778 Debtor.**

**Bankruptcy No. 88–02263–SO5.**

United States Bankruptcy Court, E.D. North Carolina.

May 19, 1989.

Donald A. Davis, Raleigh, N.C., for debtor.

Trawick H. Stubbs, Jr., New Bern, N.C., for trustee.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the motion filed by the chapter 13 debtor on March 27, 1989, which seeks the entry of an order holding Super Saver in contempt, imposing sanctions, and awarding punitive damages and attorney's fees for Super Saver's failure to comply with this court's memorandum opinion and order entered February 10, 1989. After proper notice, a hearing was held in Raleigh, North Carolina, on May 16, 1989, which was attended by the chapter 13 trustee and the attorney representing the debtor, but not by any representative of Super Saver.

A prior contempt motion filed by the debtor against Super Saver on December 14, 1988, was before this court at a hearing held on February 2, 1989. As with the hearing on the current contempt motion, no representative of Super Saver appeared at the February hearing. The basis of the first contempt motion was the debtor's allegation that Super Saver, which apparently functions like a credit union for American Airlines employees, failed to terminate a payroll deduction against the debtor, an employee of American Airlines, after Super Saver had been notified of the filing of the debtor's bankruptcy petition. At the time she filed her petition for relief under chapter 13 of the Bankruptcy Code in October of 1988, the debtor owed money on a loan she had received from Super Saver which was being repaid through a payroll deduction every two weeks of $285.48. The debtor presented evidence that, despite several requests from the debtor and her attorney in October and November of 1988 and January of 1989 that the payroll deduction be stopped and that wages already deducted postpetition be forwarded to the chapter 13 trustee, Super Saver did not terminate the payroll deduction until late January of 1989 and had not, as of the hearing held on February 2, 1989, released the funds it had withheld postpetition.

Based upon that evidence, the court found that Super Saver's actions constituted a willful violation of the automatic stay. In a memorandum opinion and order entered February 10, 1989,[1] the court directed Super Saver to pay to the chapter 13 trustee, Trawick H. Stubbs, Jr., the sum of $2,283.84, the amount of the wages which Super Saver had caused to be withheld from the debtor postpetition. The order directed Mr. Stubbs, after deducting any sums necessary to bring the debtor current on her chapter 13 plan, to turn the remainder of the funds over to the debtor. The order also required Super Saver to pay $300 for the debtor's attorney fees incurred in seeking a termination of the payroll deduction and a return of the funds which had been deducted postpetition. Finally, the court also assessed punitive damages against Super Saver in the amount of $2,283.84, the amount of the wages which Super Saver had caused to be withheld from the debtor postpetition:

> The court also believes that punitive damages are appropriate in this case in view of the hardship suffered by the debtor and in view of Super Saver's cavalier approach to this matter. It should not have taken Super Saver over two months to terminate the payroll deduction after having been notified of the debtor's bankruptcy filing and having been specifically requested to terminate that deduction. No justification has been offered for Super Saver's failure to promptly respond to the debtor's attorney's requests that the payroll deduction be terminated. Super Saver failed to return the funds it had deducted from the debtor's wages when she specifically asked for their return—Super Saver was so unconcerned it failed to respond to the debtor's motion and failed to attend the hearing.

96 B.R. at 57.

Super Saver apparently continues to be unconcerned about its violation of the automatic stay. At the hearing held on May 16, 1989, which Super Saver again failed to attend, the debtor's attorney reported that neither he nor the debtor had received the payments required by the court's order of February 10, 1989; the trustee also reported that he had received no payment from Super Saver. The court's order of February 10, 1989, specified that all of the payments required of Super Saver were to be made within ten days of the date of entry of that order.

The bankruptcy court has the statutory and constitutional authority to hold a party in civil contempt for failing to comply with prior orders of the bankruptcy court. *In re Walters*, 868 F.2d 665, 669–670 (4th Cir. 1989). Civil contempt proceedings are for the purpose of coercing compliance with the orders of the court and/or to compensate a party for losses incurred as a result of the noncompliance. *United States v. Darwin Construction Co.*, 873 F.2d 750 (4th Cir., 1989). It may be appropriate to assess a large fine in order to provide the necessary impetus to a party to comply with court orders. For instance, in *Darwin Construction* the Fourth Circuit upheld a fine of $5,000 per day for each day that the defendant did not comply with a court order requiring the production of documents requested in relation to an IRS investigation of the defendant's tax liabilities. The Fourth Circuit stated that the trial court, in applying its broad discretion to fashion an appropriate coercive remedy in a case of civil contempt, may consider, among other things, the corporate character of the noncomplying party and the injury to justice which further contempt would invite. *Id.*

This court, in its memorandum opinion and order of February 10, 1989, has already noted Super Saver's "cavalier approach" to its responsibilities with respect to the automatic stay. Despite this admonition, Super Saver has failed to comply with this court's order directing it to return funds which it had deducted postpetition from the debtor's wages in clear violation of the automatic stay. It again failed to respond to the debtor's second contempt motion and failed to attend the hearing on that motion.

Under these circumstances, the court is of the opinion that stronger measures are needed to coerce Super Saver's compliance

---

**1.** *In re Armstrong,* 96 B.R. 55 (Bankr.E.D.N.C. 1989).

with the orders of this court. Super Saver shall have until May 30, 1989, to pay the sums required by this court's order of February 10, 1989. After that date, Super Saver shall be fined $1,000 per day, payable to the clerk of court on a weekly basis, for each day that it continues to be in noncompliance with this court's order of February 10, 1989.

Because of Super Saver's failure to comply with this court's order of February 10, 1989, the debtor has sustained additional actual damages for the attorney fees she has incurred in seeking a return of the funds to which she is entitled. To compensate the debtor for these damages resulting from the violation of the automatic stay, Super Saver will be required, pursuant to 11 U.S.C. § 362(h), to pay the debtor's attorney fees incurred in bringing this second contempt motion. The court finds that the reasonable amount of those fees is $200. Super Saver is therefore directed to pay directly to the debtor within 10 days of the date of entry of this order the sum of $200 for the debtor's attorney fees in bringing the second contempt motion.

SO ORDERED.

